IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IAN SORRELL KURIGER (TDCJ No. 2182944), Petitioner, | § § § § § |
| V. | §  No. 3:19-cv-1638-S-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division,[1] Respondent. | § § § § § § § |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Ian Sorrell Kuriger, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 2. This resulting action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Karen Gren Scholer.

Kuriger also moves for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 3. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny that motion; order that Kuriger pay the filing fee; and, if he fails to do so within a reasonable time, dismiss this action without prejudice for failure to prosecute and obey an order of the Court.

---

[1] Although Kuriger appears to name as respondent the warden of his institution, the Clerk is DIRECTED to substitute as respondent Lorie Davis, the current Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

The notarized certificate of trust account ("CTA") attached to Kuriger's IFP motion reflects that, on July 2, 2019, his account balance was $225.41; his six-month average balance was $112.13; and the average amount deposited monthly into his account over the past six months was $166.60. *See* Dkt. No. 3 at 3.

28 U.S.C. § 1915(a) sets forth the standards governing IFP motions. A district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit ... that [he or she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). And the amount of money available to inmates in their prison trust account or from other sources should be considered. *See id.*; *Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007).

As the filing fee for a habeas case is just $5.00, even though Kuriger is incarcerated, the financial information reflected in the CTA shows that he can afford to pay that filing fee without incurring undue financial hardship. *See* N.D. TEX. MISC. ORDER NO. 6, Rule 2a(4)(a)(ii) (May 5, 2005) (this Court routinely grants leave to proceed IFP if "the average six month balance of [an] inmate['s] trust account and other financial resources are less than Fifty Dollars").

## Recommendation

The Court should deny Petitioner Ian Sorrell Kuriger leave to proceed *in forma pauperis* and order that he pay the $5.00 filing fee within 21 days of any order

accepting this recommendation (or within some other reasonable time to be set by the Court), and, if he fails to do so, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 18, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-3-